FRUGÉ, Judge.
This is an action instituted by Thurman Henry Cochran, J.r., against the Vernon Parish School Board, asking for a money judgment in the sum of $2,700.
Plaintiff alleges in his petition that he holds a valid type "C” Certificate from the State Department of Education, dated June 11, 1953 and that prior to August 27, 1953 there was a vacancy in the Hornbeck High School in Vernon Parish, Louisiana for which he was qualified. He alleges that he made application for the position to teach vocational agriculture or biology or general science and that his application was timely filed. He alleges that the position was given to one Myrel E. Hays, *260 who was not certified. However, Hays was subsequently granted a certificate by the State Board of Education on the 18th day of September, 1953. He bases his cause of action upon the proposition that he had timely made application for the position and without just cause the Vernon Parish School Board employed an unqualified teacher.
Defendant filed an Exception of No Cause and No Right of action. The trial judge sustained the exception and dismissed plaintiff’s suit at his cost. This case is before us on appeal from the lower court’s judgment.
For the purpose of considering the exception the facts as alleged in the petition must be considered as true. However, we "can find no authority to support plaintiff’s suit.
The case of State ex rel. Golson et al. v. Winn Parish School Board, La.App.1942, 9 So.2d 342, 344 (rehearing and certiorari denied) sets forth what we consider to be the pertinent duties of Parish School Boards. The following language we find appropriate in the case at bar:
“School boards of the several parishes are state agencies, created by the Legislature and invested with such powers as have been confided to them * * * [such as] * * * that of selecting, employing and discharging teachers. * * * Therefore, to legally effect employment of a teacher the following requirements precedent must be observed, viz.: The school board makes the selection or election from nomination * * * by the parish superintendent, or does so on its own initiative by majority vote; the superintendent satisfies himself as regards the qualifications of the teacher thus selected * * * and this is followed by the execution of written contract by the teacher and the board * * * ‘Therefore, we find that the parish school board has the exclusive right to appoint, select or elect, and employ by written contract teachers for the public schools of their respective parishes. This authority cannot legally be delegated to any other body, * * * the parish school board, in order to employ a teacher in the public schools of the parish, must select, elect, or appoint said teacher and enter into a written contract to that effect. Until this is done, there is no employment. The act of employing teachers by said board is a discretionary one. It is not required to em|/''ploy any particular persoñT The reason of said board for not employing any particular teacher is not subject to legal inquiry, and it cannot be forced by law to enter into a contract of employment with any particular person. There is no binding employment on the part of the school board or the teacher until the written contract between them is executed by both parties thereto.’ * * * ‘The power to employ and discharge teachers has been confided by the Legislature solely to the School Boards * * * ’ ” [Emphasis added.]
From the above it can readily be seen that until such time as a person is hired by the school board there can be no inquiry into the actions of the school board for its failure to hire such person. Plaintiff is not of that class of teachers, probationary or permanent, who cannot be discharged without cause. See LSA-R.S. 17:441-444. The fact that he served in the armed forces has no bearing in this case. See LSA-R.S. 17:1215-1217. We are not aware of any law, nor have we been informed of one that would .require a school board to hire a person, even with qualifications, who has never been in the employ of said school board prior to said application. The fact that this school board hired someone who was not qualified when hired has no bearing in the case at bar. See LSA-R.S. 17:413 for prerequisites for employment.
*261 •In view of the foregoing, since plaintiff did not allege that he had ever been employed by the Vernon Parish School Board his petition does not show a cause or right of action.
For the foregoing assigned reasons the judgment sustaining the exception of no cause and no right of action and dismissing plaintiff’s suit is affirmed. All costs to be paid by plaintiff-appellant.
Affirmed.