hPETERS, J.
The plaintiff, Leo P. Rogers, originally brought this action as a writ of mandamus asking that the Avoyelles Parish School Board (School Board) be directed to hire him as a public school teacher. He subsequently amended his petition to convert it to an ordinary proceeding and, in doing so, requested that the trial court declare the School Board’s hiring procedure illegal, order the School Board to fill teaching positions with certified applicants, and award him monetary damages. The trial court granted the School Board’s peremptory exception of no cause of action and dismissed Rogers’ action. He now appeals that judgment.
The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts that are alleged in the petition. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). No evidence may be introduced to support Lor controvert the objection that the petition fails to state a cause of action. La. Code Civ.P. art. 931. Therefore, in considering a trial court ruling on an exception of no cause of action, the appellate court accepts the allegations of fact in the petition as true. The determination is based on *305 whether the face of the petition shows the plaintiffs are legally entitled to the relief sought therein. Everything on Wheels Subaru, Inc., 616 So.2d 1234. In reviewing a finding of no right of action, we must decide whether the plaintiffs are members of the class of persons to whom the law grants the cause of action which has been asserted in the suit. Arcadian Corp. v. Olin Corp., 97-174 (La.App. 3 Cir. 6/18/97); 698 So.2d 9.
In accepting the allegations of fact in the plaintiffs petition as true, we find that Rogers, a resident of Avoyelles Parish, possesses a life-time teaching certificate issued by the Louisiana State Board of Elementary and Secondary Education (BESE). Pursuant to this certificate, he is qualified to teach all elementary grades. In 1997, Rogers applied for a position within his area of certification with the Avoyelles Parish School Board, but his application was rejected. Instead of hiring Rogers, the School Board filled the position, in addition to other positions for which he was certified to teach, with individuals who are not certified to teach in the public schools of this state.
The School Board asserts that the decision to hire a teacher rests within its sole discretion and is not subject to review by the courts. The trial court agreed, granted the School Board’s exception of no cause of action, and dismissed Rogers’ suit. For the following reasons, we reverse this matter and remand it for further proceedings.
OPINION
To determine the extent of a school board’s discretion in its hiring practices, |Rwe must look at the overall structure of public education in this state. The ultimate responsibility for establishing and maintaining a public education system in this state lies with the legislature. La. Const, art. VIII, § 1. Supervision and control of the public elementary and secondary schools vests in BESE. La. Const. art. VIII, § 3. One of the responsibilities of BESE is to:
Prescribe the qualifications and provide for the certification of teachers in accordance with applicable law, which qualifications and requirements shall be such as to insure that certification shall be a reliable indicator of the minimum current ability and proficiency of the teacher to educate at the grade level and in the subject(s) to which the teacher is assigned.
La.R.S. 17:7(6)(a)(i).
Any applicant applying for certification by BESE after September 15, 1978, must “have passed satisfactorily an examination, which shall include English proficiency, pedagogical knowledge, and knowledge in his area of specialization, as a prerequisite to the granting of such certificate.” La.R.S. 17:7(6)(b)(i).
The state superintendent of education may authorize an uncertified individual to fill a teaching position for one year if the individual fails to successfully pass the examination required by La.R.S. 17:7(6)(b)(i) by less than ten percent of the score required to pass. However, this authorization is in the form of an emergency certificate issued pursuant to an affidavit signed by the employing school board’s superintendent and president to the effect that there is no other applicant for employment for a specific teaching position for which the person has applied. La.R.S. 17:7(6)(c)(i).
The supreme court has recognized that certification is a function of the supervision and control of public education belonging to BESE, and that “[cjertification has long been considered a prerequisite to teach.” Eiche v. Bd. of Elementary & Secondary Ed., 582 So.2d 186, 190 (La.1991). Further, “certification is considered indispensable to the status of a teacher.” Id.
Finally, although the opinions of the Attorney General’s office are not considered by this court to be binding, we find the following opinion on this matter to be ef *306 fective in explaining the nature of the teaching certification requirements:
All local school boards are subject to regulation promulgated by BESE and, therefore, these regulations have the force and effect of law.
BESE Regulation 1.016.00 provides:
To be legally eligible for teaching, administrative, supervisory, or other professional services in the schools of this State, personnel shall hold a valid Louisiana certificate appropriate to the services rendered.
Regulation 1.016.00 further refers to Bulletin 746, Louisiana Standards for State Certification of School Personnel, which is approved by BESE. Bulletin 746 contains the policies of the Louisiana Department of Education concerning teacher certification. Included in this is an Interim Emergency Policy for hiring full and part-time non-certified school personnel.
According to this policy full-time and part-time noncertified school personnel (excluding speech, language, and hearing specialists) may be employed by parishes having difficulty in employing certified persons in certain positions....
[[Image here]]
Obviously, this Emergency policy is intended to remedy the shortage of teachers within the State. The school board seeking to employ a noncertified teacher must have the local superintendent sign an affidavit that the position in question could not be filled by a certified teacher.
La. Op. Att’y Gen. 92-741 (1993).
Additionally, the legislatively defined general powers and duties of school boards and parish superintendents address the certification requirement. The powers and duties associated with the hiring of teachers are found in La.R.S. 17:81(A), which provides in pertinent part:
A. (1) Each city and parish school board shall ... select teachers and all other certified personnel from recom-
mendations made by the city or parish superintendent as required by this Subsection .... The boards shall see that the provisions of the state school law are complied with.
(2) Each city and parish board shall select teachers and all other [¿certified personnel from recommendations made by the city or parish superintendent regarding the hiring and placement of all personnel for which state certification is required. It shall be the responsibility of the superintendent to ensure that all persons recommended have proper certification and are qualified for the position. Nothing shall prevent a school board from rejecting the recommendations made by the superintendent and requiring the superintendent to submit additional recommendations.
[[Image here]]
(4) Any policies and procedures adopted by a city or parish school board pursuant to the provisions of this Subsection shall be in accordance with all laws, all state rules, regulations, and policies relative to certification of teachers and other personnel, and any court order or restrictions relative to desegre-gatioa
(Emphasis added.)
Thus, the statutory, administrative, and jurisprudential authorities weigh heavily in favor of certified teachers being placed in the classroom whenever possible.
In granting the School Board’s exception of no cause of action, the trial court relied on this court’s holding in Cochran v. Vernon Parish School Board, 125 So.2d 259 (La.App. 3 Cir.1960). We do not agree with the trial court’s interpretation of the Cochran decision.
The plaintiff in Cochran applied for a vacant teaching position with the Vernon Parish School Board for which he held a teaching certificate from the Louisiana Department of Education. The facts are set forth in the opinion as follows:
*307 Plaintiff alleges in his petition that he holds a valid type “C” Certificate from the State Department of Education, dated June 11, 1953 and that prior to August 27, 1953 there was a vacancy in the Hornbeck High School in Vernon Parish, Louisiana for which he was qualified. He alleges that he made application for the position to teach vocational agriculture or biology or general science and that his application was timely filed. He alleges that the position was given to one Myrel E. Hays, who was not certified. However, Hays was subsequently granted a certificate by the State Board of Education on the 18th day of September, 1953.
Id. at 259-260 (emphasis added).
| (¡In rejecting Cochran’s appeal, this court stated:
We are not aware of any law, nor have we been informed of one that would require a school board to hire a person, even with qualifications, who has never been in the employ of said school board prior to said application. The fact that this school board hired someone who was not qualified when hired has no bearing in the case at bar. See LSA-R.S. 17:413 for prerequisites for employment.
Id. at 260 (emphasis added).
In the case at bar, the trial court interpreted Cochran to conclude that a school board may hire an uncertified applicant over one who is certified. However, such an interpretation is not consistent with the reference in Cochran to La.R.S. 17:413 which reads today as it read in 1960, in pertinent part:
No person shall be appointed to teach without a written contract for the scholastic year in which the teaching is to be done. Every teacher shall hold a certificate of a grade sufficiently high to meet the requirements of his position. Parish superintendents of schools shall ascertain definitely, before contracting with a teacher, that the teacher holds a certificate issued by the state board of education.
(Emphasis added.)
We interpret the Cochran opinion to hold that if the uncertified employee subsequently becomes certified, the fact that he or she was not certified at the time of hiring is not important when comparing the two candidates for employment. Additionally, we note that the court in Cochran based its decision on language concerning a school board’s discretion in hiring and firing practices as it appears in State, ex rel. Golson v. Winn Parish School Board, 9 So.2d 342 (La.App. 2 Cir.1942), a case which involved a dispute over the re-employment of a teacher and not over the issue of whether a non-certified individual could be hired to teach in the public school system where certified teachers are available.
The issue before this court is not whether Rogers is entitled to employment |7with the School Board, but whether his petition states a cause of action. We conclude that it does. To do otherwise would be to make acquisition of an education degree and submitting oneself to testing for certification vain and useless acts. The statutory scheme allows for the employment of un-certified teachers only with the permission of the state superintendent of education based on a sworn affidavit of the parish school board superintendent and president that no certified applicants are available. Accordingly, we opine the fact that the school board is given discretion in the area of hiring teachers does not eclipse the numerous other provisions of law which provide for specific training and educational experience in order to be qualified for a teaching position. The discretion given to a school board is not an unfettered discretion — free of all other statutory requirements.
DISPOSITION
For the foregoing reasons, we reverse the decision of the trial court and remand this matter for further proceedings consis *308 tent with this opinion. Costs associated with this appeal are to be taxed against the Avoyelles Parish School Board to the extent allowed by law.
REVERSED AND REMANDED.