# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2010

No. 09-30625
Summary Calendar

Lyle W. Cayce
Clerk

LAKENYA T. RILEY

Plaintiff - Appellant

v.

SCHOOL BOARD UNION PARISH; JUDY MABRY, Superintendent; MR. ALLRED, Principal; DEMARIS HICKS, Hiring Supervisor

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:08-cv-0319

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The plaintiff–appellant, LaKenya T. Riley, proceeding *pro se,* appeals the district court's grant of summary judgment to the defendants–appellees on her claims for race discrimination under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Riley also appeals the district court's refusal to consider other federal and state claims that she raised for the first

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time in her opposition to the defendants' motion for summary judgment.   Also pending is Riley's motion to file a supplemental reply brief, which we now grant. For the reasons discussed below, we affirm the district court's grant of summary judgment on the § 1981 and Title VII claims but vacate the district court's entry of final judgment and remand for consideration of whether Riley should be permitted to amend her complaint to include the federal and state claims raised for the first time in her opposition to summary judgment.  The reasons for these rulings are explained below.

## I.  BACKGROUND

On November 16, 2006, Riley, who is African–American, applied for a teaching position with one of the defendants, the Union Parish School Board. Riley had a bachelor's degree and was certified under Louisiana law to teach Social Studies.[1]  Riley indicated on the first page of her employment application that she had never been convicted of any law violation other than a minor traffic violation.  On the second page, however, Riley indicated that she had been convicted of a misdemeanor offense for "the possession, use or distribution of any illegal drug as defined by Louisiana or federal law in March of 2000."  The misdemeanor conviction, the school district later learned, was for possession of marijuana during the course of a traffic stop in Arkansas.  Demaris Hicks, the Union Parish School Board Supervisor of Elementary Education and a defendant in this case, testified that she initially overlooked Riley's answer to the second question when reviewing Riley's application because she assumed, after reading

---

[1] The district court's opinion indicated that Riley was licensed in Science, but the record shows that Riley was actually certified in Social Studies.  This discrepancy does not affect our analysis.  Under Louisiana law, a teacher seeking a certification in a particular subject area must have a bachelor's degree; complete a state-approved teacher preparation program at a college or university or complete one of Louisiana's alternate certification routes; pass the "Praxis Series" tests for their certification area; and submit the appropriate application forms and fees.

No. 09-30625

Riley's answer to the question on the first page, that Riley had no criminal convictions.

Shortly after Riley applied, a substitute teaching position for a seventh-grade English class became available at the Farmerville Junior High School, a school in the Union Parish school district.[2] Riley began serving as the substitute teacher for this class on November 29, 2006. Shortly after Riley began teaching, however, several parents of the students in that class complained to the school that Riley had made comments to the students suggesting that she had once been incarcerated.

On December 11, 2006, Hicks told Riley about the parents' complaints and explained that she was required to investigate them. Hicks suspended Riley with pay pending completion of the investigation and requested that Riley provide documentation regarding her criminal history and convictions. Riley provided the requisite documentation the following day and was permitted to return to work as a substitute teacher on December 13, 2006.

Also on December 13, 2006, Billie Gaye Furlow, who is white, applied for a teaching position with the Union Parish School Board. Furlow had previously taught English in the Union Parish school district and was certified to teach English, although that certification had lapsed. To reinstate her English certification, Furlow was required simply to apply to the Louisiana State Department of Education and pay a small fee. She submitted her fee and application to the State Department the same day she applied for the teaching position, and the Department officially updated her certification on December 19, 2006. Under Louisiana law, a school district must hire a certified teacher for a permanent position when one is available. *See Rogers v. Avoyelles Parish Sch.*

---

[2] The parties dispute whether Riley was given the substitute teaching position with the understanding that she could later earn her English certification and become a permanent teacher for the class. This does not affect our analysis of her race discrimination claims.

No. 09-30625

*Bd.*, 736 So. 2d 303, 307 (La. Ct. App. 1999) ("The statutory scheme allows for the employment of uncertified teachers only with the permission of the state superintendent of education based on a sworn affidavit of the parish school board superintendent and president that no certified applicants are available."); LA. REV. STAT. ANN. 17:413 (2001).

On December 13, 2006, the day that Furlow applied, Grady Allred, the school principal and another defendant in this case, advised Riley that Furlow had been hired to fill the English position and that Riley's service as a substitute teacher for that position was no longer required. Allred told Riley, apparently in reference to the concerns regarding Riley's misdemeanor conviction, that "[t]his is not because of the other day. [Furlow is] certified."[3]

Riley then filed the present suit, alleging race discrimination under 42 U.S.C. § 1981 and Title VII. After discovery, the district court granted the defendants' motion for summary judgment as to these claims.[4] The district court also refused to address additional federal and state law claims that Riley raised

---

[3] Riley contends that she was terminated from employment with the district entirely, but the defendants assert that she was merely removed from that particular substitute teaching position. The record shows that Riley's name remained on the list of available substitute teachers. In any event, this dispute does not affect our analysis.

[4] The district court actually dismissed Riley's § 1981 claim for failure to state a claim, finding that "Riley has not . . . properly asserted a claim for intentional race discrimination under § 1981 **through § 1983**." *Riley v. Union Parish Sch. Bd.*, No. 08-0319, 2009 WL 1806654, at *2 (W.D. La. June 24, 2009) (emphasis in original). We do not understand what the district court meant by this comment. Riley's complaint did not allege a violation of 42 U.S.C. § 1983. Intentional discrimination under § 1981 requires only that decisions be premised on race, not that they be motivated by racial hostility or animus. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 668–69 (1987), *superseded by statute on other grounds as stated by Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 371 (2004). "[T]he inquiry into intentional discrimination is essentially the same for individual actions brought under section[ ] 1981 . . . and Title VII." *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007). If Riley's allegations were sufficient to state a claim under Title VII, they were likewise sufficient to state one under § 1981. This does not affect our analysis, however, because the district court concluded in the alternative that Riley's § 1981 claims would not survive summary judgment, *Riley*, 2009 WL 1806654, at *2, a conclusion with which we agree.

4

for the first time in her opposition to the motion for summary judgment, concluding that Riley's complaint did not give the defendants adequate notice of those claims.  This appeal followed.

## II.  STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, utilizing the same standards as the district court.  *N. Am. Specialty Ins. Co. v. Royal Surplus Lines Ins. Co.*, 541 F.3d 552, 555 (5th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).  When reviewing a grant of summary judgment, the court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006). To avoid summary judgment, however, the non-movant who bears the burden of proof at trial must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial. *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). We may "affirm a grant of summary judgment on any grounds supported by the record and presented to the [district] court." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (per curiam).

## III.  THE § 1981 AND TITLE VII CLAIMS

Riley appeals the district court's grant of summary judgment to the defendants on her § 1981 and Title VII claims.

### A.  Legal Framework

The summary judgment test for discrimination claims under § 1981 is the same as the test for discrimination claims under Title VII. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004).  Since Riley does not allege any

direct evidence of discrimination, we apply the familiar *McDonnell Douglas* burden-shifting analysis. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "To survive summary judgment under *McDonnell Douglas*, the plaintiff must first present evidence of a prima facie case of discrimination." *Id.* at 317. If the plaintiff presents a prima facie case of discrimination, then an inference of discrimination arises, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action. *Id.* "If the employer is able to state a legitimate rationale for its employment action, the inference of discrimination disappears and the plaintiff must present evidence that the employer's proffered reason was mere pretext for racial discrimination." *Id.*

To show pretext on summary judgment, "the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002). "To carry this burden, the plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Id.* at 579 (internal quotation marks omitted).

Pretext may be established "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'" *Id.* at 578 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). "To raise an inference of discrimination, the plaintiff may compare his treatment to that of nearly identical, similarly situated individuals." *Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005). To establish disparate treatment, however, a plaintiff must show that the employer gave preferential treatment to another employee under

"nearly identical" circumstances." *Id.* Alternatively, "[a]n explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." *Laxton*, 333 F.3d at 578. "Whether summary judgment is appropriate depends on numerous factors, including 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered.'" *Price*, 283 F.3d at 720 (quoting *Reeves*, 530 U.S. at 148–49).

## B. Analysis

The district court concluded that Riley had stated a prima facie case of discrimination under Title VII because she is African-American, was qualified for the substitute teacher position, was terminated, and was replaced by a white teacher.[5] The district court also concluded that the defendant had offered a legitimate, non-discriminatory reason for terminating Riley: a certified English teacher had applied to fill the vacant English position. The parties dispute whether the district court erred in concluding that the defendants' legitimate, non-discriminatory reason was pretextual.

Riley contends that her removal from the substitute teaching position was pretextual for two reasons. First, Riley contends that she was *actually* removed from the position because of her misdemeanor marijuana possession conviction, not because a more qualified candidate applied. Riley argues that this is evidence of discrimination because two similarly-situated white teachers with criminal backgrounds were not terminated. We conclude, as did the district

---

[5] The defendants contend that Riley has not stated a prima facie case, arguing that Riley was not in fact qualified for the position because she was not certified in English and was not in fact terminated as substitute teacher for the school district but merely removed from that particular placement. The defendants do not urge that we reach an alternative conclusion on appeal, however. In any event, we need not address this issue because assuming without deciding that Riley stated a prima facie case, she has not established that the defendants' proffered reason was pretextual.

court, that the record does not support this assertion. One of the teachers that Riley describes, Donna Scallan, was discovered on October 2, 2007, to have been convicted of felony fraud. She resigned shortly thereafter, on October 24, 2007. An affidavit submitted by Hicks, uncontroverted by any other evidence in the record, indicates that Scallan resigned after the school district discovered, investigated, and confirmed her criminal record and told Scallan that she would be terminated if she did not resign. The other teacher, Michael Breaux, was suspended with pay when the school district discovered that he had been charged with two drug offenses. He was permitted to return to work only after it was determined that the charges had been dropped. The evidence does not support Riley's contention that white teachers with known criminal convictions were permitted to continue teaching.[6]

Second, Riley contends that she was in fact more qualified than Furlow, the teacher who replaced her, because Furlow's English certification was not current on the day she was hired, while Riley had a current, valid certification in Social Studies. We agree with the district court that these facts do not establish pretext. The parties do not dispute that under Louisiana law, the school district was required to hire a certified teacher to fill the English position if one was available, and that reinstating Furlow's certification simply involved notifying the Louisiana Department of Education and paying a small fee. The parties also do not dispute that Furlow's certification was in fact reinstated on

---

[6] Riley also contends, for the first time on appeal, that an African–American bus driver, Arthur Hackney, served as a substitute teacher for one week in the school district before being removed from the classroom after parents complained about his conduct. The school district acknowledges that parents did complain, but states that Hackney was replaced because a teacher with the necessary certification applied for the position. We do not consider Hackney's case in our analysis of pretext because this evidence was not presented to the district court. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 657 (5th Cir. 1996) ("Although on summary judgment the record is reviewed *de novo*, this court[,] for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." (internal quotation marks omitted)).

December 19, 2007, six days after she was hired. We conclude, as did the district court, that the fact that Furlow's certification had lapsed at the time of her hire does not raise a fact issue as to discriminatory animus.

The record does not support Riley's contention that the defendants' reason for her removal from the substitute teacher position was pretextual. Accordingly, we affirm the district court's grant of summary judgment to the defendants on Riley's § 1981 and Title VII claims.

## IV.   THE CLAIMS RAISED AT SUMMARY JUDGMENT

In addition to the § 1981 and Title VII claims raised in her complaint, Riley raised in her opposition to summary judgment "a number of new claims, including defamation, breach of fiduciary duties, due process violations, conspiracy, and perhaps breach of contract," "cit[ing] a number of statutes, constitutional amendments, and federal rules of evidence and civil procedure." *See Riley v. Union Parish Sch. Bd.*, No. 08-0319, 2009 WL 1806654, at *2 (W.D. La. June 24, 2009). The district court refused to consider these claims, concluding that because Riley did not allege these claims in her complaint, the defendants had insufficient notice of them. Riley appeals this decision.

The district court's treatment of these claims was error. Under our precedent, when a claim is raised for the first time in response to a summary judgment motion, the district court should construe that claim as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a). *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). This is particularly true where, as here, the litigant is *pro se* and has not yet made any amendments to her complaint. *Cf. Crockett v. Carpenter*, 20 F.3d 1169, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994) (unpub'd table op.). Accordingly, we vacate the final judgment and remand to the district court to determine whether Riley should be permitted to amend her complaint to include these additional claims. We take no position

as to whether leave to amend should be granted—the district court may decide, on remand, that leave to amend would be futile or otherwise inappropriate. But we leave this determination to the district court in the first instance.

## V.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to the defendants on Riley's § 1981 and Title VII claims but VACATE the district court's entry of final judgment and REMAND for consideration of whether Riley should be permitted to amend her pleadings to include the federal and state claims raised for the first time in her summary judgment opposition.

Motion GRANTED, AFFIRMED in part, VACATED in part.