# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2015

Lyle W. Cayce
Clerk

No. 14-50788
Summary Calendar

---

SAMUEL PIERCE, Individually and as Representative of the Estate of
De'Jon Pierce; PLEZZETTE PIERCE, Individually and as Representative of
the Estate of De'Jon Pierce,

> Plaintiffs-Appellants

v.

HEARNE INDEPENDENT SCHOOL DISTRICT; DARREL TROJACEK, in
his Individual Capacity; CARL TROJACEK, in his Individual Capacity;
ANTHONY KEITH MCGILL, in his Individual Capacity,

> Defendants-Appellees

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CV-334

---

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Samuel and Plezzette Pierce brought tort and Section 1983 claims
against Hearne Independent School District and others after their son was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

killed while driving his teacher's all-terrain vehicle. The district court dismissed the tort claims for lack of subject-matter jurisdiction and the Section 1983 claims for failure to state a claim. It also declined to exercise supplemental jurisdiction over the Pierces' remaining state-law claims and denied their request to replead. We AFFIRM.

## FACTS AND PROCEDURAL BACKGROUND

This case involves the tragic death of De'Jon Pierce, a junior at Hearne High School. De'Jon's death occurred in March 2012 when he lost control of an all-terrain vehicle ("ATV") owned by Darrell Trojacek, his "Ag Mechanics" teacher, and crashed into a tree. Trojacek, with the permission of Principal Anthony McGill, regularly withdrew De'Jon and other students from school to work on his farm as part of their coursework. He allowed the students to drive his ATV on these occasions.

On the day of the accident, Trojacek withdrew De'Jon and other students from school to clean pigs at his farm. After cleaning the pigs, Trojacek instructed De'Jon and another student to deliver a tool to his father's ranch, which was approximately one mile away. De'Jon made this trip without incident. On the return trip, however, he lost control of the ATV and struck a tree. While the passenger survived, De'Jon died of blunt force trauma.

De'Jon's parents filed tort claims against Hearne I.S.D. under the Texas Tort Claims Act ("TTCA");[1] Section 1983 claims against Hearne I.S.D., Principal McGill, and Trojacek; and pendent state-law claims against Trojacek's father. The district court dismissed the tort claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction on the

---

[1] The Pierces concede that they are not entitled to pursue tort claims against both Hearne I.S.D. and its employees and that their claims against the school bar their claims against Trojacek and Principal McGill. *See* TEX. CIV. PRAC. & REM. CODE § 101.106.

basis of sovereign immunity, dismissed the Section 1983 claims under Rule 12(b)(6) for failure to state a claim, declined to exercise supplemental jurisdiction over the remaining state-law claims, and denied the Pierces' request to replead.

The Pierces timely appealed to this court.

## DISCUSSION

### I.     *Tort Claims*

We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *Ballew v. Cont. Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). The Eleventh Amendment strips courts of jurisdiction over claims against a state that has not consented to suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). In Texas, school districts are treated as "governmental units" and immunized from tort liability under the TTCA unless the claim relates to "property damage, personal injury, or death aris[ing] from the operation or use of a motor-driven vehicle . . . ." TEX. CIV. PRAC. & REM. CODE §§ 101.001(3)(B), 101.021(1)(A), 101.025, 101.051. The Supreme Court of Texas has interpreted this statute as requiring that the "operation or use [be] that of the [school] employee." *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992).

In this case, De'Jon was driving the ATV at the time of his accident. Nevertheless, the Pierces argue that they are entitled to recover because Trojacek, a school employee, ordered De'Jon to drive the ATV. In support of this contention they cite two decisions in which Texas state courts applied the motor-vehicle exception even though a government employee was not operating the vehicle that caused the plaintiff's injuries. *See City of El Campo v. Rubio*, 980 S.W.2d 943, 947 (Tex. App.—Corpus Christi 1998, pet. dism'd

3

w.o.j.); *County of Galveston v. Morgan*, 882 S.W.2d 485, 491 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

We reject this approach, for two reasons.  First, the Texas Supreme Court has held that the motor-vehicle exception does not apply to situations in which a government employee was not operating the vehicle that caused the plaintiff's injuries.  *See LeLeaux*, 835 S.W.2d at 51.  Numerous Texas appellate decisions have recognized this explicit interpretation.[2]  The Pierces categorize this requirement as "extra-statutory" and argue that we should decline to enforce it.  Whatever the merits of this claim, the Texas Supreme Court is the final authority regarding the meaning of Texas statutes, and we are bound by its interpretation in this case.

Second, even if we were to adopt the exception advanced in the decisions the Pierces cite, that exception would not apply in this case.  The courts in both of the cited cases based their holdings on the fact that a government employee, while not operating the vehicle that injured the plaintiff, exercised complete control over the plaintiff's movements at the time of the accident.  *See Rubio*, 980 S.W.2d at 946; *Morgan*, 882 S.W.2d at 490.  In this case, Trojacek instructed De'Jon to drive his ATV to his father's farm and back, but he was not present at the time of the accident and did not exercise control over De'Jon's movements during the trip.  Accordingly, *Rubio* and *Morgan* are inapplicable.

We hold that Hearne I.S.D. is immune from tort liability under the Texas Tort Claims Act.

---

[2] *See, e.g.*, *McLennan Cnty. v. Veazey*, 314 S.W.3d 456, 462 (Tex. App.—Waco 2010, pet. denied); *Elgin Indep. Sch. Dist. v. R.N.*, 191 S.W.3d 263, 268 (Tex. App.—Austin 2006, no pet.); *Tarkington Indep. Sch. Dist. v. Aiken*, 67 S.W.3d 319, 326 (Tex. App.—Beaumont 2002, no pet.).

## II.   *Section 1983 Claims*

We review a dismissal under Rule 12(b)(6) *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (citation omitted). To state a claim under Section 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (internal quotations and citation omitted).

The Pierces claim that Hearne I.S.D., Principal McGill, and Trojacek violated De'Jon's substantive due process rights, namely his right to bodily integrity.   A due process violation results from "*deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986).  "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity." *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) (citation omitted).  As the Seventh Circuit has explained, deliberate indifference entails "conduct that reflects complete indifference to risk—when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991) (citations and internal quotations omitted).[3]

We separately examine the Pierces' claims against each of the defendants.

---

[3] We have cited *Salazar* favorably on multiple occasions.  *See Hare v. City of Corinth*, 74 F.3d 633, 645-46 (5th Cir. 1996); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 531 (5th Cir. 1994).

*a. Claim against Trojacek*

The Pierces allege that Trojacek removed De'Jon from school without their permission, instructed him to ride double on an ATV despite the fact that he did not have a driver's license, did not properly instruct him on how to operate the ATV, and did not provide him with any safety gear. They also allege that the ATV was improperly maintained.

These allegations do not suffice to show deliberate indifference. Trojacek may have been negligent by removing De'Jon from school and instructing him to drive his ATV, but his actions do not reveal a complete disregard for human life and an indifference to a significant risk of death. Nor does our case law support such a conclusion. The cases cited by the Pierces, which relate to sexual abuse and prolonged physical restraint by teachers, are inapposite. *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 451 (5th Cir. 1994); *Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303, 305 (5th Cir. 1987).[4] Trojacek did not deliberately abuse, restrain, threaten, or touch De'Jon. Indeed, there is nothing to suggest that Trojacek intended to harm De'Jon at all or even that he foresaw harm and willfully disregarded it. In order to find a violation under these facts, we would be forced to greatly expand the concept of substantive due process, something the Supreme Court has been reluctant to do. *See Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). Accordingly, we conclude that Trojacek did not act with deliberate indifference.

For substantially the same reasons, the district court properly concluded that Trojacek was entitled to qualified immunity because he did not violate a

---

[4] On appeal, the Pierces also rely on our decision in *Morris v. Dearborne*, 181 F.3d 657 (5th Cir. 1999). But we do not think Trojacek's actions can be properly analogized to a teacher who purposefully fabricated claims that a father sexually abused his four-year-old daughter and thereby caused protective services to suspend the father's contact with his daughter for three years. *See id.* at 668.

clearly established constitutional right.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

b. *Claim against Principal McGill*

The Pierces base their Section 1983 claim against Principal McGill on a theory of supervisory liability.  Under this theory, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference."  *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998) (citation omitted).  Deliberate indifference in this context ordinarily requires a "pattern of similar constitutional violations by untrained employees . . . ."  *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011); *see also Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003).

The Pierces claim that Principal McGill acted with deliberate indifference when he permitted Trojacek to take students to work on his farm without their parents' permission.  For reasons similar to those discussed above, we agree with the district court's conclusion that Principal McGill's actions constituted, at most, negligence.  Moreover, the Pierces have not demonstrated that a pattern of constitutional injuries resulted from Principal McGill's actions.  Therefore, Principal McGill did not act with deliberate indifference.  Additionally, Principal McGill was entitled to qualified immunity because he did not violate a clearly established constitutional right.

c. *Claim against Hearne I.S.D.*

The district court dismissed the Pierces' Section 1983 claim against Hearne I.S.D. after concluding that this court has not recognized the "state-created danger theory" upon which the claim rested and, regardless, the Pierces failed to state such a claim because they did not allege facts

demonstrating that Hearne I.S.D. was deliberately indifferent to an immediate danger facing a known victim. *See Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 864, 866 (5th Cir. 2012). The district court also held that Hearne I.S.D. could not be held vicariously liable because the doctrine of *respondeat superior* does not apply in Section 1983 cases. *See Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).

The Pierces do not contest these conclusions. Instead, they contend that the district court failed to address a separate legal theory supporting their Section 1983 claim. According to the Pierces, they asserted a traditional municipal liability theory supporting their claim in both their complaint and their response to the defendants' motion to dismiss. Recovery under this theory "requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citations omitted).

The Pierces' complaint does not articulate this theory as a basis for their Section 1983 claim. The complaint titles its Section 1983 claims "State Created Danger Claim[s]." Moreover, it does not make claims about policymakers, policies or customs,[5] or their relationship to the alleged constitutional violation. Instead, the allegations relate to the state-created danger and vicarious liability theories. The Pierces did, however, clearly articulate the municipal liability theory in their response to the defendants' motion to dismiss.

---

[5] The complaint did allege that: (1) Trojacek violated school policy by removing De'Jon from school without his parents' permission, and that Principal McGill knowingly allowed this violation to take place; and (2) Hearne I.S.D. did not have a policy against keeping livestock at its teachers' private residences. The former allegation suggests that Hearne I.S.D.'s policies were designed to guard against, rather than facilitate, the alleged constitutional violations. The latter allegation suggests the absence, rather than presence, of policies relating to the alleged violations.

The district court did not discuss the municipal liability theory in its order of dismissal. This may have been error. Generally, a new claim or legal theory raised in response to a dispositive motion should be construed as a request for leave to amend the complaint, and the district court should determine whether leave should be granted.[6] *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (collecting cases).

We have at times remanded to the district court for consideration of an issue injected into a case in this manner. *See Riley v. Sch. Bd. Union Parish*, 379 F. App'x 335, 341 (5th Cir. 2010). We decline to do so here because all theories of liability under Section 1983 require the plaintiff to demonstrate the violation of a constitutional right. In this case, the same alleged substantive due process violation forms the basis for all of the Pierces' Section 1983 theories. Therefore, because we affirm the district court's ruling that no violation of substantive due process occurred, we must necessarily conclude that granting the Pierces leave to amend would be futile.

## III.    *Opportunity to Replead*

"We review the denial of leave to amend the complaint for abuse of discretion." *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002) (citation omitted). Generally, courts should give plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The court may deny leave to amend,

---

[6] New *factual allegations*, however, need not be so construed unless the plaintiff explicitly requests leave to amend and expresses the grounds upon which the amendment is sought with particularity. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003).

however, if the defects are incurable or the plaintiffs have already alleged their best case.  *See id.*; *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Trojacek was not driving the ATV that caused De'Jon's death and did not exercise control over De'Jon's movements at the time of the accident.  Because at least the latter element is required to demonstrate a waiver of sovereign immunity under the TTCA, we conclude that the district court did not abuse its discretion in determining that the Pierces pled their best case as to those claims.  Additionally, because the Pierces do not contest the dismissal of their original Section 1983 claims and we have concluded that leave to amend would be futile as to their later-asserted claim, we conclude that the district court did not abuse its discretion in determining that they also pled their best case as to their Section 1983 claims.

## IV.    *Supplemental Jurisdiction Over State-Law Claims*

"We review a district court's decision to decline jurisdiction over pendent state-law claims for an abuse of discretion." *Batiste v. Island Records Inc.*, 179 F.3d 217, 226 (5th Cir. 1999) (citations omitted).  A district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).  The dismissal of all federal claims provides "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Batiste*, 179 F.3d at 227.

No. 14-50788

Because we affirm the district court's dismissal of the Pierces' federal claims, we conclude that it did not abuse its discretion by declining to exercise supplemental jurisdiction over the Pierces' state-law claims against Trojacek's father on the basis of the second and third Section 1367(c) factors.

AFFIRMED.