# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20524

RICHARD H. ALSENZ,

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2016

Lyle W. Cayce
Clerk

Plaintiff - Appellant

v.

AURORA BANK, FSB; AURORA LOAN SERVICES, L.L.C.; CAL-WESTERN
RECONVEYANCE CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-186

Before BARKSDALE, CLEMENT, and HAYNES, Circuit Judges.

PER CURIAM:*

At issue for Richard H. Alsenz' diversity action to prevent an anticipated foreclosure is whether the district court erred in dismissing it with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.

In 2004, to finance purchasing a residential property in Texas, Alsenz executed two promissory notes, payable to Lehman Brothers Bank, and secured payment of those notes by executing a deed of trust. On Lehman's behalf, another entity assigned the notes and deed of trust to Aurora Loan Services, L.L.C. On 2 December 2011, Cal-Western Reconveyance Corp. (Cal-Western), as trustee for Aurora Bank, FSB, initiated foreclosure proceedings; notified Alsenz that, due to defaults, the primary Lehman loan was being accelerated; and set a foreclosure sale for 3 January 2012.

On 29 December, Alsenz filed this action in Texas state court against Aurora Loan, Aurora Bank, and Cal-Western, seeking a temporary restraining order (TRO) to prevent the foreclosure sale; asserting claims for (1) accounting, (2) fraud and alter ego, (3) wrongful acceleration and institution of foreclosure, (4) slander of title, (5) unreasonable collection; and requesting, *inter alia*, injunctive relief. The TRO was granted that day.

After Aurora Bank and Aurora Loan removed this action to federal court on the basis of diversity jurisdiction, they, along with Cal-Western, moved under Rule 12(b)(6) to dismiss Alsenz' complaint. He did not respond to the motion, which the district court construed as representing no opposition, based on local rules. *See* S.D. Tex. Local R. 7.4.

In May 2012, the court granted the motion to dismiss, with prejudice, after determining Alsenz failed to plead the basic elements of any of his claims and, therefore, did not state any claim for relief. On 26 June, Alsenz moved for a new trial and to alter or amend the judgment; the court summarily denied the motions the following day. Alsenz timely appealed.

In June 2013, Cal-Western filed a suggestion of bankruptcy and notice of automatic stay. Our court stayed this appeal, pending disposition of the bankruptcy proceedings. Although the bankruptcy is still pending, on 24

No. 12-20524

November 2015, Aurora Bank and Aurora Loan (collectively, Aurora) moved to lift the stay as to all parties but Cal-Western.  Our court granted the motion on 22 December.

II.

In claiming the district court erred in granting the 12(b)(6) motion, Alsenz asserts:  (1) his complaint contained sufficient particularity to state a claim for relief; (2) the court improperly construed his claim for unreasonable collection; (3) before dismissal, it should have given him opportunity to replead his complaint or, in the alternative, should have dismissed *without* prejudice; and (4) Rule 12(b)(6) is not applicable because it leads to a different result than would application of Texas' procedural rules.

Additionally, in the statement-of-jurisdiction portion of his brief, Alsenz states he is, *inter alia*, appealing from the denial of his "request for reconsideration and/or a new trial".  Nevertheless, he does not:  raise or discuss the issue in the body of his brief; refer to the record; or cite legal authority in support.  Accordingly, we do not consider the denial of post-dismissal relief. *E.g., United States v. Maldonado*, 42 F.3d 906, 910 n.7 (5th Cir. 1995); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 n.9 (5th Cir. 1995) ("[T]he failure to provide any legal or factual analysis of an issue results in waiver of that issue").

A.

This action involving property in Texas was removed to federal court on diversity grounds.  Therefore, Texas substantive law applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938).

A dismissal under Rule 12(b)(6) is reviewed *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff". *Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 551 (5th Cir. 2015).  To avoid dismissal, "a complaint must contain sufficient factual matter

. . . to state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions". *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

Alsenz first contends his complaint satisfied the pleading requirements under the Federal Rules of Civil Procedure, stating: "It is hard to imagine how [he] could have made a more detailed pleading showing a harm caused by [Aurora] and a need for a remedy". Nevertheless, despite maintaining his complaint satisfied the standard for each of his claims, Alsenz' brief, at best, discusses *only* his unreasonable-collection claim, which stated: "[Aurora's] conduct as cited above, including the wrongful foreclosure initiated of its alleged interest in [Alsenz'] home, constitutes an unreasonable collection effort". The court construed the claim as one for unreasonable collection under Texas common law (as did Aurora in its motion to dismiss, to which Alsenz did not respond).

To recover for that claim, Alsenz must show a debt collector engaged in "efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm". *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.). The court concluded that Alsenz' "conclusory allegation of wrongful foreclosure" was insufficient to state an unreasonable-collection claim and dismissed it. *Alsenz v. Aurora Bank, FSB*, No. 4:12-CV-186, at 13 (S.D. Tex. 29 May 2012).

At most, Alsenz asserts the court erred in construing his claim as referring only to the Texas common-law tort, and maintains "the allegations in

No. 12-20524

[the complaint] could just as easily cover violations of [unfair debt collection practices statutes] . . . 15 U.S.C.A. § 1692(e) or . . . [§] 392.304 of the Texas Finance Code". He does not cite legal authority or provide factual analysis in support of his assertion, other than stating: "it is hard to imagine that a plaintiff who [pleads the facts alleged in the complaint] has not plead a viable cause of action under any of those theories". Arguably, this assertion is abandoned.

Aurora responds that the court correctly determined Alsenz did not state a claim for a common-law, unreasonable collection, because he did not allege any facts suggesting, *inter alia*, malicious conduct, as required by Texas law. Moreover, Aurora maintains Alsenz' claims for statutory violations are raised for the first time on appeal, which would result in waiver of those issues.

Alsenz' contention regarding § 1692(e) was not raised in district court; therefore, it "cannot be asserted for the first time on appeal". *E.g., NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 752 (5th Cir. 2014). In the same vein, the assertion that his claim could have been construed as referring to § 392.304 of the Texas Finance Code (Texas Debt Collection Act) also fails. In his motions for new trial and to alter or amend the judgment (the denials of which, again, are not considered on appeal), Alsenz contended his complaint could have stated a claim under the "Texas Debt Collections Act". Nevertheless, it would have been improper to raise the issue for the first time in a post-judgment motion; accordingly, we do not consider it here: "[A] motion to alter or amend the judgment . . . cannot be used to raise arguments which could, and should, have been made before the judgment issued". *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (internal quotation marks and citation omitted).

Additionally, as specified above, an unreasonable-collection claim under Texas common law generally requires a debt-collection effort that "amount[s]

No. 12-20524

to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm". *EMC Mortg.*, 252 S.W.3d at 868.  In his complaint, Alsenz claimed:  "[Aurora's] conduct as cited above, including the wrongful foreclosure initiated . . . constitutes an unreasonable collection effort".  And, paragraph 21 of the complaint alleges that he suffered "mental anguish and stress connected with the potential loss of his home".  But, as the district court noted, a common-law, unreasonable-collection claim generally requires more than "mental anguish".  *McDonald v. Bennett*, 674 F.2d 1080, 1088 (5th Cir. 1982).  Alsenz does not allege a willful course of harassment by Aurora, and he is required to present "more than labels and conclusions" when stating a claim for relief.  *Twombly*, 550 U.S. at 555.  Therefore, the court did not err in dismissing his claim.

B.

Alsenz next contends, without citation to authority or analysis, that the court should have given him an opportunity to replead *before* dismissing the action, or should have dismissed it without prejudice.  (Again, he has abandoned any challenge to the denial of his post-judgment motions for new trial and to alter or amend the judgment.)  Arguably, because Alsenz fails to adequately brief these alternative positions, he has abandoned them.  In any event, for the following reasons, each is without merit.

1.

A party may amend a pleading once as a matter of course within 21 days of its service.  Fed. R. Civ. P. 15(a).  Otherwise, he may amend only by leave of court or by written consent of the adverse party; and leave should be freely given when justice so requires.  *Id.*  Alsenz never moved to amend his complaint at any time before dismissal, and has urged its sufficiency throughout the pendency of this matter.  He "failed to amend [his] complaint as a matter of right, failed to furnish the district court with a proposed

No. 12-20524

amended complaint, and failed to alert both the court and [Aurora] to the substance of [his] proposed amendment". *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002); *see Cinel v. Connick*, 15 F.3d 1338, 1346 (5th Cir. 1994).

2.

Concerning the challenge to the dismissal's being with prejudice, "[b]ecause the district court is best situated to determine when plaintiffs have had sufficient opportunity to state their best case, we review [its] decision to grant a motion to dismiss with or without prejudice only for abuse of discretion". *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009).

Along that line, Alsenz' assertions "give[ ] no indication that he did not plead his best case in his complaint". *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Indeed, he has consistently "declare[d] the adequacy of his complaint . . . , [even after he] was on notice [it] might not be sufficient to state a cause of action". *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Moreover, he has "failed to explain what facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend". *Brewster*, 587 F.3d at 768 (internal quotation marks and citation omitted).

C.

Finally, Alsenz asserts, based on *Erie*, 304 U.S. 64: Rule 12(b)(6) cannot be applied in this matter because "Texas in its statutes and procedural rules has no 12(b)(6) motion which strikes pleadings automatically"; therefore, its application leads to a different outcome than would result from application of Texas state rules. He notes that, prior to removal, a Texas state-court judge determined his complaint was sufficient to justify a TRO, and maintains his action would not have been dismissed had it remained in state court.

7

No. 12-20524

This reasoning was rejected by the Supreme Court in *Hanna v. Plumer*, 380 U.S. 460, 465–66 (1965). If a Federal Rule of Civil Procedure conflicts with a state law, the federal rule controls as long as it "represents a valid exercise of Congress' rulemaking authority". *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987). Alsenz does not suggest Rule 12(b)(6) is an invalid exercise of such authority.

## III.

For the foregoing reasons, the judgment is AFFIRMED.