# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60205
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

BENJAMIN F. CROSBY, III, Individually and as Power of Appointment for the Benjamin F. Crosby, Jr. Revocable Living Trust and the Paula Crosby Revocable Living Trust; BENJAMIN F. CROSBY, JR., Individually and as Co-Trustee of the Benjamin F. Crosby, Jr. Revocable Living Trust and the Paula Crosby Revocable Living Trust; PAULA CROSBY, Individually and as Co-Trustee of the Benjamin F. Crosby, Jr. Revocable Living Trust and the Paula Crosby Revocable Living Trust,

Plaintiffs - Appellants

v.

VICKIE P. HARIEL, Individually and in her Capacity as Clerk of the Circuit Court, Pearl River County, Mississippi; E. BRAGG WILLIAMS, III; JOSEPH H. MONTGOMERY, in his individual capacity as a lawyer/partner with Williams, Williams & Montgomery, P.A.; JOSEPH H. MONTGOMERY, in his official capacity as attorney for the Chancery Clerk of Pearl River County, Mississippi; GREGORY P. HOLCOMB; WILLIAMS, WILLIAMS & MONTGOMERY, P.A.; NEOPOST USA, INCORPORATED, NEOPOST, INCORPORATED, NEOPOST LEASING, INCORPORATED, also known as Hasler; ABC SURETY COMPANY; ABC INSURANCE COMPANY; XYZ SURETY COMPANY; XYZ INSURANCE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-413

No. 16-60205

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

Appellants appeal the district court's dismissal with prejudice of their complaint for failure to state a claim upon which relief can be granted. *See* Federal Rule of Civil Procedure 12(b)(6). Appellants' only claim is that the district court should have dismissed the complaint without prejudice. Finding no abuse of discretion, we AFFIRM.

## I. PROCEDURAL HISTORY

Two families, the Crosbys and the Mittelstaedts, have been involved in a "long-running and contentious litigation" with respect to the Mittelstaedts' need for an easement to enter their property through the Crosbys' adjacent property. *Crosby v. Mittelstaedt,* 186 So.3d 415, 416 (Miss. App. 2016). In February of 2014, the families reached a settlement agreement in which the Mittelstaedts agreed to pay $25,000 and maintain a fence and gate on the property, and, in exchange, the Crosbys agreed to grant the requested easement. *Id.* Shortly thereafter, the Crosbys filed a lis pendens notice against the Mittelstaedts' property, claiming the fence and gate were in violation of the settlement agreement. *Id.* at 416-17.

The Mittelstaedts brought suit against the Crosbys in Mississippi state court to enforce the settlement agreement. *Id.* On December 16, 2014, the state court issued an order concluding that the gate and fence were not in violation of the terms of the agreement, cancelling the lis pendens, and enforcing the settlement agreement. *Id.* at 417. The court also found that "the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 16-60205

Crosbys had deliberately violated the court-approved settlement and had not lived up to their obligation to carry out its terms in 'good faith.'" *Id.* However, the Crosbys did not receive notice of the December 16th order until after the deadline for filing a notice of appeal. *Id.* The order had been mailed to the Crosbys in an envelope from the Clerk of the Circuit Court of Pearl River County, Mississippi, and the postage meter date was June 4, 2014, some six months prior to the issuance of the order.

The Crosbys moved to reopen the time for appeal pursuant to Rule 4(h) of the Mississippi Rules of Appellate Procedure. *Id.* The trial court denied the motion, and the Court of Appeals of Mississippi held that the trial court did not abuse his discretion in denying the motion. *Id.*

Meanwhile, on December 15, 2015, during the pendency of the state court appeal, the Crosbys, who are citizens of Florida, brought a diversity action in federal district court in Mississippi against: (1) Vickie P. Hariel ("Hariel"), who was the Clerk of the Circuit Court of Pearl River County; (2) the following lawyers who represented the Mittelstaedts in the state court litigation, E. Bragg Williams, Joseph H. Montgomery, Gregory P. Holcomb and Williams, Williams & Montgomery, P.A., (collectively "WWM"); (3) Neopost USA, Inc. ("Neopost"), which was the company that leased the postage meter to Pearl River County; and (4) several unidentified surety and insurance companies.[1] The complaint alleged conspiracy, mail fraud, and obstruction of justice stemming from the late notice of the judgment against them with respect to the state court action.

---

[1] The Crosbys also named as a defendant, Matthew O'Quain, law clerk to the judge who presided over the state court proceedings. However, the Crosbys' appeal involving O'Quain was dismissed by a panel of this Court on May 23, 2016.

No. 16-60205

WWM filed a motion to dismiss, arguing that the complaint failed to state a claim upon which relief can be granted because the claims in the complaint are all based on criminal statutes that do not provide any basis for a civil cause of action. Defendants Hariel and Montgomery[2] also filed a joint motion to dismiss. The Crosbys then filed a motion for leave to file a first supplemental and amending complaint to plead specific damages and add claims against Pearl River County, Judge Prentiss Harrell, MailFinance, Inc., Kathryn Adele Mittelstaedt, Carol Ann Mittelstaedt Koelemay, Douglas E. Mittelstaedt and Elizabeth Ross Hadley.

The Crosbys filed an amended response to Montgomery and Hariel's motion to dismiss. With respect to Montgomery, the Crosbys argued that they did not name him as a defendant in his official capacity as the attorney for the Pearl River County Board of Supervisors. Instead, the Crosbys asserted that Montgomery was sued in his individual capacity. With respect to Hariel, the Crosbys asserted that they named her both individually and in her capacity as Clerk of the Court. The Crosbys argued that she failed to properly mail them notice of the order in violation of her duties as Clerk and that her use of the postage meter in the conspiracy to commit fraud "should give sufficient rise to deny" the motion to dismiss.

Neopost filed a motion to dismiss, arguing, among other things, that the Crosbys' claims are based upon criminal statutes that do not provide a private right of action. The Crosbys filed a response to this motion to dismiss, asserting that Neopost owned the postage meter that was used in conjunction with the mailing of the late notice. The Crosbys further asserted that Neopost

---

[2] Montgomery was responding in his official capacity as attorney for the Chancery Clerk of Pearl River County.

4

had not cooperated with their subpoenas, and thus Neopost had participated in the "coverup" of the conspiracy to deny them access to the courts.

The district court granted the defendants' motions to dismiss, ruling that there is no private cause of action for violation of the three criminal statutes relied upon by the Crosbys. Additionally, the court ruled that "[b]ecause the law provides no basis for relief on Plaintiffs' three claims, further amendment is futile." The Crosbys timely filed a notice of appeal.

## II.     DISMISSAL WITH PREJUDICE UNDER RULE 12(b)(6)

The Crosbys expressly disavow any challenge to the district court's ruling that their complaint failed to state a claim under Rule 12(b)(6). However, they do contend that the dismissal should have been *without* prejudice. With respect to the standard of review, the Crosbys contend that their claim should be reviewed de novo. We disagree. Although we review de novo a district court's dismissal of a complaint for failure to state a claim,[3] the Crosbys are not challenging the grant of the Rule 12(b)(6) motion. Instead, as stated above, they are arguing that the dismissal should have been without prejudice. We have explained that "[b]ecause the district court is best situated to determine when plaintiffs have had sufficient opportunity to state their best case, we review [its] decision to grant a motion to dismiss with or without prejudice only for abuse of discretion." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009). Accordingly, we must determine whether the district court abused its discretion in dismissing the complaint with prejudice.

As set forth previously, the district court ruled that "[b]ecause the law provides no basis for relief on Plaintiffs' three claims, further amendment is

---

[3] *See Stokes v. Gann,* 498 F.3d 483, 484 (5th Cir. 2007).

futile."[4]  It is undisputed that the three criminal statutes relied upon in the complaint do not afford the Crosbys a private action against the Appellees. Nonetheless, the Crosbys argue that the district court should have dismissed the complaint without prejudice because the facts as alleged in their complaint could support other causes of action.  The Crosbys give examples such as negligent misrepresentation or civil liability based on the Mississippi Racketeer Influenced and Corrupt Organization Act ("MRICO"). Miss. Code § 97-43-9.  However, the Crosbys did not raise these claims before the district court, and thus, the claims "'cannot be asserted for the first time on appeal.'" *Alsenz v. Aurora Bank,* 641 F. App'x 359, 362 (5th Cir. 2016) (quoting *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.,* 745 F.3d 742, 752 (5th Cir. 2014)).

Moreover, in their brief, the Crosbys do not explain how the facts alleged in their complaint state a claim for negligent misrepresentation or civil liability under MRICO.  "Although we liberally construe pro se briefs, such litigants must still brief contentions in order to preserve them." *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).  Under these circumstances, the Crosbys have failed to show that the district court abused its discretion in dismissing their complaint with prejudice.

III.   CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.

---

[4] The district court did not expressly rule on the Crosbys' motion for leave to amend their complaint; however, it implicitly denied the motion when it held that any further amendment would be "futile."  In any event, the Crosbys' brief states that "this Court should disregard any of the appellate arguments made by defendants as to Plaintiffs' motion for leave to file an amended complaint and Plaintiffs' proposed amended complaint as they are beyond the scope of the district court's ruling and the issues raised on this appeal by the Crosbys."  Reply brief at 11.  Accordingly, we do not consider the motion or proposed amended complaint in our analysis of the Crosbys' argument.