# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20524
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 7, 2017
Lyle W. Cayce
Clerk

RICHARD H. ALSENZ,

      Plaintiff-Appellant

v.

CAL-WESTERN RECONVEYANCE CORPORATION,

      Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-186

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM: [*]

    Richard Alsenz sued Aurora Bank, FSB; Aurora Loan Services, L.L.C., and Cal-Western Reconveyance Corporation. He raised the same foreclosure-related claims against all three entities. Cal-Western's role was as a trustee for Aurora Bank. It initiated the foreclosure proceedings and notified Alsenz that his loan was being accelerated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20524

Back in 2012, the district court dismissed all of the claims pursuant to Rule 12(b)(6) for failure to state a claim. The dismissal order treated all three defendants collectively and used the same rationales for dismissing each of them from the suit.

Alsenz appealed. While the appeal was pending, in June 2013, Cal-Western filed a suggestion of bankruptcy and notice of automatic stay. That stayed the entire appeal for more than two years. In November 2015, the Aurora Defendants moved to lift the stay for all parties except Cal-Western, which was still in bankruptcy. We granted that motion and later decided the appeal as to the Aurora Defendants. We affirmed the district court's dismissal. *Alsenz v. Aurora Bank, FSB*, 641 F. App'x. 359 (5th Cir. 2016).

Cal-Western recently notified the court that its bankruptcy case has finally closed. So we can now decide the appeal as to Cal-Western.

Alsenz gave no reason in his briefing below or in this court for treating Cal-Western any differently for purposes of the motion to dismiss. The district court's order also made no distinction. Indeed, the similarity of the legal posture is evident from Cal-Western's filing a letter to adopt the Aurora brief rather than file its own. The reasoning our court gave last year in affirming the dismissal thus applies equally to Cal-Western.

The judgment entered in favor of Cal-Western is AFFIRMED.