# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2023

Lyle W. Cayce
Clerk

No. 22-20480
Summary Calendar

---

In the Matter of KP Engineering, L.P.,

*Debtor*,

Credos Industrial Supplies & Rentals, L.L.C., *doing business as* Credos Fabrications,

*Appellant*,

*versus*

Targa Pipeline Mid-Continent WestTex, L.L.C.,

*Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-664

---

Before Smith, Elrod, and Douglas, *Circuit Judges*.

Dana M. Douglas, *Circuit Judge*:

Appellant, Credos Industrial Supplies & Rentals, LLC ("Credos"), appealed the bankruptcy court's order granting Appellee, Targa Pipeline Mid-Continent WestTex LLC's ("Targa"), motion to dismiss Credos'

No. 22-20480

counterclaim.  The district court affirmed and dismissed the appeal.  For the reasons stated herein, we AFFIRM.

## I.

In August 2017, KP Engineering entered into a contract with Targa to engineer and build a natural gas processing plant (the "Johnson Plant.") KP Engineering hired Credos as a subcontractor.  Midway through the project, KP Engineering stopped paying its subcontractors, including Credos, resulting in $2,329,830.86 in outstanding invoices.  Targa then ended its contract with KP Engineering but asked Credos to stay on and complete the project.  In exchange, Targa promised that it would pay Credos any unpaid KP Engineering invoices.  Targa paid nine of eleven outstanding invoices.  Several weeks later, and after Credos had substantially completed work on the project, Targa informed Credos that it would not pay the final two invoices, totaling $930,507.76.

In August 2019, KP Engineering filed for bankruptcy in the Southern District of Texas.  Credos initiated an adversary proceeding against Targa in KP Engineering's bankruptcy proceeding, seeking to recover the $930,507.76 in unpaid invoices based on claims of unjust enrichment and quantum meruit.  Targa moved to dismiss Credos' complaint, which Credos amended, and Targa again asserted its motion to dismiss.  The bankruptcy court dismissed the amended complaint with prejudice and the district court affirmed.  Credos now appeals.

## II.

A district court's grant of a Rule 12(b)(6) motion to dismiss is reviewed de novo.  *White v. U.S. Corr., LLC*, 996 F.3d 302, 306 (5th Cir. 2021).  Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted lawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.

### A. Quantum Meruit

Credos argues that it plead a valid quantum meruit claim. To recover under quantum meruit, the plaintiff must prove that: "(1) valuable services were rendered or materials furnished; (2) for the party sought to be charged; (3) which services and materials were accepted by the party sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, was expecting to be paid by the person sought to be charged." *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

"Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished." *Id.* "This rule not only applies when a plaintiff is seeking to recover in quantum meruit from the party with whom he expressly contracted, but also when a plaintiff is seeking to recover 'from a third party foreign to the original [contract] but who benefitted from its performance.'" *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 462 (Tex. App.—Houston [1st Dist.] 2007, pet. denied.) (citation omitted) (holding that subcontractor was precluded from recovering against property owner in quantum meruit, even though property owner promised to pay when the general contractor failed to pay, because

subject matter was covered by an express contract between subcontractor and general contractor).[1]

The district court held that Credos' factual allegations establish that it had a contractual relationship with KP Engineering that covered the services at issue. The district court found that Credos had a contractual relationship with KP Engineering by reviewing Credos' allegations that: (1) it was "hired by KP [Engineering] to supply mechanical fabrication labor and welding services" for work on the Johnson Plant "on a time and materials basis"; (2) KP engineering issued two purchased orders "to Credos for work at the Johnson Plant" for $2,500,000; (3) Credos "submitted invoices for its work to KP [Engineering] on a weekly basis"; and (4) KP Engineering paid some of those invoices. We agree. While there are three exceptions to the general rule that an express contract bars recovery under quantum meruit, no exception applies here.[2] *Galliford*, 254 S.W.3d at 462-63. Thus, Credos'

---

[1] *See also W & W Oil Co. v. Capps,* 784 S.W.2d 536, 537–38 (Tex. App.—Tyler 1990, no writ) (holding that construction company, who was unaware of agreement and who furnished goods and services to farmee, was precluded from recovering value of goods and services against farmor in quantum meruit, even though farmor made verbal promises to pay for completed work, because subject matter was covered by valid express contract (farm-out agreement)); *Morales v. Dalworth Oil Co., Inc.,* 698 S.W.2d 772, 774–76 (Tex. App.—Fort Worth 1985, writ ref'd n.r.e.) (holding same and explaining that implied contract cannot exist where subject matter is covered by valid express contract and holding that valid express contract between gasoline equipment installer and land lessees precluded installer's recovery against lessor in quantum meruit because the subject matter of claim, the equipment, was covered by installer's contract with lessees)).

[2] "First, recovery in quantum meruit is allowed when a plaintiff has partially performed an express contract but, because of the defendant's breach, the plaintiff is prevented from completing the contract." *Galliford*, 254 S.W.3d at 462 (citation omitted). This exception does not apply because Credos has fully performed under the contract and because Targa was not the breaching party under the contract with KP Engineering. Second, "[r]ecovery in quantum meruit is sometimes permitted when a plaintiff partially performs an express contract that is unilateral in nature." *Id.* at 462-63 (citation omitted). This exception does not apply because Credos fully performed under the contract and

quantum meruit claim is barred by the existence of an express contract that covers the services at issue.[3]

## B. Unjust Enrichment

Credos argues that it plead a valid unjust enrichment claim. "Texas law . . . recognizes two theories or species of unjust enrichment: one for passive receipt of a benefit that would be unconscionable to retain, and another for wrongfully securing a benefit." *Digital Drilling Data Sys., LLC v. Petrolink Servs., Inc.*, 965 F.3d 365, 379 (5th Cir. 2020). The theory available is the one "*actually alleged.*" *Id.* at 380 (emphasis in original). If a plaintiff's unjust enrichment claim is based on a defendant's wrongful securing of a benefit, then a plaintiff must plead facts showing fraud, duress, or the taking of undue advantage. *See id.* If a plaintiff's unjust enrichment claim is based on passive receipt of a benefit that would be unconscionable to retain, then the plaintiff does not need to plead or prove that the defendant acted wrongfully. *See id.*

The district court found that Credos' claim is not based on fraud, duress, or undue advantage. However, Credos now alleges that it is. Credos has forfeited this argument because it was alleged for the first time on appeal. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021).

---

entered into a bilateral contract. Third, "a breaching plaintiff in a construction contract can recover the reasonable value of services less any damages suffered by the defendant if the defendant accepts and retains 'the benefits arising as a direct result of the plaintiff's partial performance.'" *Id.* at 463 (citation omitted). This exception does not apply because Credos fully performed under the contract and did not breach its contract with KP Engineering.

[3] Credos argues that Targa is "arguing the wrong contract" (i.e., the contract between Credos and KP Engineering) and that there was a "new contract" between Credos and Targa. However, *any* express contract precludes recovery under quantum meruit, so this claim is without merit.

No. 22-20480

In focusing on this new theory of fraud, duress, or undue advantage, Credos fails to brief the second theory, passive receipt of a benefit, and it is also forfeited. *Id.*

However, even if both theories were not forfeited, the unjust enrichment claim would nevertheless fail for the same reasons the quantum meruit claim fails. Under Texas law, an unjust enrichment claim is "unavailable when a valid, express contract governing the subject matter of the dispute exists," as it does here. *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 454 (5th Cir. 2001).

## C. Breach of Contract

The district court held sua sponte that Credos' allegations suggest that it may have a breach of contract claim against Targa. However, Credos never amended its complaint to assert such a claim, even after the bankruptcy court gave Credos leave to amend. Credos did not ask the district court for another opportunity to amend. But even if it did, "[a]n attempt to amend one's pleadings in an appellate brief comes too late." *Hanson v. Town of Flower Mound*, 679 F.2d 497, 504 (5th Cir. 1982) (per curium) (citation omitted). Credos now argues that its breach of contract claim was "perhaps lost in the shuffle" and can be inferred throughout its complaint. This argument is without merit. Credos was required to raise the issue "to such a degree that the trial court [could] rule on it." *NCDR, LLC v. Mauze & Bagby, PLLC*, 745 F.3d 742, 752 (5th Cir. 2014). Moreover, our court has rejected similar arguments. *See Crosby v. Hariel*, 673 F. App'x 397, 400 (5th Cir. 2016) (per curiam) (rejecting argument that because the facts as alleged in complaint could support certain claims, those claims are not waived).

Credos failed to assert a breach of contract claim in the bankruptcy court and the district court and briefs the issue for the first time on appeal. Thus, the breach of contract claim is waived. *Rollins,* 8 F.4th at 397.

6

No. 22-20480

Accordingly, the district court's order is AFFIRMED.