# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2023

Lyle W. Cayce
Clerk

No. 22-20026

Hᴜɪ Yᴇ,

*Plaintiff—Appellant*,

*versus*

Xɪᴀɴɢ Zʜᴀɴɢ; Wɪɴɢ Lᴀᴜ,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4729

_____

Before Wɪᴇɴᴇʀ, Sᴏᴜᴛʜᴡɪᴄᴋ, and Dᴜɴᴄᴀɴ, *Circuit Judges*.
Pᴇʀ Cᴜʀɪᴀᴍ:[*]

Hui Ye and Xiang Zhang are former business partners who, along with Zhang's wife, Wing Lau, became embroiled in disputes over dividing up their co-owned businesses. Following a bench trial, the district court ruled in favor of Zhang and Lau's unjust enrichment claim and granted them declaratory judgment concerning the distribution of proceeds from the sale of a warehouse. The court also awarded them attorney's fees and costs under the

_____

[*] This opinion is not designated for publication. *See* 5ᴛʜ Cɪʀ. R. 47.5.

No. 22-20026

governing Texas statute. We AFFIRM the district court's judgment and fee award, and REMAND to allow the district court to determine whether Zhang and Lau are entitled to appellate attorney's fees.

I.

Ye and Zhang, joint owners of six companies in the water-filtration and logistics industries, decided to part ways and divide up their businesses. Zhang would retain the logistics companies, while Ye would retain the water-filtration companies. As they disentangled their businesses, however, disputes arose.

Ye sued Zhang and his wife, Wing Lau, alleging they had mismanaged the companies and converted various assets. He asserted claims for fraudulent misrepresentation, breach of fiduciary duty, fraudulent concealment, and conversion as well as a claim under the Texas Theft Liability Act ("TTLA"). He also sought a declaratory judgment on his rights to inspect and audit the companies. Zhang and Lau countersued. They asserted claims for unjust enrichment based on their personal payments to the companies, and they also sought a declaratory judgment concerning the distribution of proceeds from the sale of a company-owned warehouse. The six companies were named as "Nominal Defendants," as the parties requested liquidation of the companies following resolution of their claims.

The district court first dismissed all claims against Lau. After Ye presented his case-in-chief at a bench trial, the court granted Zhang's motion for judgment on partial findings, dismissing all of Ye's remaining claims except for his declaratory judgment claim. After hearing Zhang and Lau's counterclaims, the court ruled in favor of their unjust enrichment claim, awarding them $153,433.78. The court also entered a declaratory judgment that the parties had orally agreed to distribute the warehouse proceeds proportionally between Ye and Zhang.

No. 22-20026

Zhang and Lau moved for attorney's fees and costs incurred in defending against Ye's TTLA claim. The court awarded Zhang and Lau $341,359.16 in fees and $4,194.08 in costs, representing roughly 80% of what they claimed.

Ye now appeals.

## II.

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Luwisch v. Am. Marine Corp.*, 956 F.3d 320, 326 (5th Cir. 2020) (quoting *Barto v. Shore Constr., LLC*, 801 F.3d 465, 471 (5th Cir. 2015)). We review an award of attorney's fees for abuse of discretion. *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 155 (5th Cir. 2017). "That means clear error review of fact findings and *de novo* review of legal conclusions." *ATOM Instrument Co. v. Petroleum Analyzer Co., L.P.*, 969 F.3d 210, 216 (5th Cir. 2020). Texas law applies in this diversity case. *Ferrer & Poirot, GP v. Cincinnati Ins. Co.*, 36 F.4th 656, 658 (5th Cir. 2022) (per curiam); *Tex. Com. Bank Nat'l Ass'n v. Cap. Bancshares, Inc.*, 907 F.2d 1571, 1575 (5th Cir. 1990).

## III.

On appeal, Ye argues the district court: (1) should have awarded him 100% of the warehouse sale proceeds; (2) should have denied Zhang and Lau's unjust enrichment claim as a matter of law; and (3) erred by awarding attorney's fees. We address each argument in turn.

### A.

First, Ye contends the district court erred by distributing the warehouse proceeds proportionally between him and Zhang. He claims he is entitled to all the proceeds because the parties agreed Ye would take 100% ownership of DeltaFill, Inc., which owned the warehouse. We disagree. The

3

district court found that Ye and Zhang entered an enforceable oral agreement to divide the sale proceeds proportionally between them following the separation of their businesses.

Under Texas law, to determine the "existence of an oral contract," courts look to "the communications between the parties and to the acts and circumstances surrounding those communications." *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). The agreement's terms "must be expressed with sufficient certainty so that there will be no doubt as to what the parties intended." *Copeland v. Alsobrook*, 3 S.W.3d 598, 605 (Tex. App.—San Antonio 1999, pet. denied). Courts may rely on the parties' testimony to determine the existence of an agreement. *Ibid.*

The district court concluded that the parties orally agreed to distribute 60% of the warehouse proceeds to Ye and 40% to Zhang, representing the proportion of their respective equity interests in the Nominal Defendants. The court credited Zhang's account that such an agreement existed. It also found his testimony corroborated by the parties' subsequent written agreement that referenced the "60/40 split," specifying that proceeds would first apply to company debt before being distributed to the parties. *See, e.g.*, *Copeland*, 3 S.W.3d at 606 (affirming finding of oral contract, in part, because "the contract was later confirmed in writing").

Additionally, the court found the parties' agreement to allocate the warehouse proceeds was distinct from their agreement to divide the business entities. This finding is contrary to Ye's argument that he was entitled to the proceeds merely because the parties agreed he would retain ownership of DeltaFill. Moreover, although DeltaFill held the warehouse's legal title, the district court found that the Nominal Defendants held the warehouse as a

shared asset, providing further evidence of the parties' intention to distribute the proceeds proportionally following their separation.

Having reviewed the record, we find no legal or factual error in the district court's conclusion that the parties orally agreed to distribute the warehouse sale proceeds proportionally.

B.

Ye next argues that the district court erred by granting Zhang and Lau's unjust enrichment claim against the Nominal Defendants. The court found that Zhang and Lau personally paid $53,433.78 to DeltaFill so it could pay its property taxes, allowing the warehouse sale to proceed. Additionally, Lau paid $100,000 to the Nominal Defendants for the entities to cover two-to-three months of operating expenses. She testified that this payment was intended to be a short-term loan because the companies themselves could not qualify for financing. Finding these payments were not made with gratuitous intent, the district court concluded it would be unjust for the Nominal Defendants to retain them.

Ye does not challenge the district court's findings. He instead argues that, to support an unjust enrichment claim, Zhang and Lau must prove that the Nominal Defendants obtained the payments through fraud, duress, or undue advantage. We disagree. Texas law recognizes two theories of unjust enrichment. *See Matter of KP Eng'g, L.P.*, 63 F.4th 452, 457 (5th Cir. 2023) (quoting *Dig. Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 379–380 (5th Cir. 2020)). One theory—"active" unjust enrichment— requires showing "that one party 'has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" *Dig. Drilling Data Sys.*, 965 F.3d at 379 (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)). Under the second theory, however, a plaintiff need not "plead or prove that the defendant acted wrongfully" if his unjust

No. 22-20026

enrichment claim is based on the "passive receipt of a benefit that would be unconscionable [for the defendant] to retain." *Matter of KP Eng'g, L.P.*, 63 F.4th at 457; *see, e.g.*, *Richardson Hosp. Auth. v. Duru*, 387 S.W.3d 109, 114 (Tex. App.—Dallas 2012, no pet.). The district court proceeded under this second theory. Ye's argument that Zhang and Lau must show the Nominal Defendants engaged in misconduct thus fails.[1]

## C.

Finally, Ye challenges the award of attorney's fees to Zhang and Lau under the TTLA. That statute permits awarding prevailing parties reasonable attorney's fees and costs. Tex. Civ. Prac. & Rem. Code § 134.005(b); *see Civelli v. J.P. Morgan Sec., L.L.C.*, 57 F.4th 484, 492 (5th Cir. 2023). The district court awarded Zhang and Lau $341,359.16 in fees and $4,194.08 in costs. Ye argues this was error because Zhang and Lau failed to segregate their attorneys' recoverable fees in defending against the TTLA claim from unrecoverable fees in defending against Ye's other claims.[2] We disagree.

Because attorney's fees are recoverable only if authorized by statute or contract, prevailing parties must usually "segregate fees between claims

---

[1] Ye alternatively argues that Zhang and Lau were foreclosed from asserting an unjust enrichment claim because they also alleged the dispute was governed by an express contract. *See McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 828 (Tex. App.—Dallas 2010, no pet.). But Ye forfeited this argument by "failing to raise it in the first instance in the district court." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

[2] Ye also argues that (1) insufficient evidence supports the fee award; (2) the award was excessive; and (3) defense counsel failed to exercise billing judgment. Ye waived these arguments by failing to raise them before the district court. *Rollins*, 8 F.4th at 397. But even had he not waived them, these arguments would fail. Trial counsel submitted, and the district court reviewed, 185 pages of billing invoices with accompanying declarations explaining the rates and services provided. Ye fails to explain why the district court clearly erred in finding these records sufficient to support Zhang and Lau's fee request.

for which they are recoverable," from "claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) (citations omitted). Segregation is not required, however, "when the fees are based on claims arising out of the same transaction that are so intertwined and inseparable as to make segregation impossible." *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 344 (5th Cir. 2021) (quotation omitted). This exception applies "only when discrete legal services advance both a recoverable and unrecoverable claim." *Chapa*, 212 S.W. at 313–14.

Zhang and Lau's attorneys submitted detailed invoices, affidavits, and charts in support of their claim that 80% of their TTLA-related fees could not be segregated from fees defending against Ye's other claims. The district court agreed. Because Ye's suit primarily involved allegations of theft, the court concluded that the services necessary to defeat the TTLA claim largely overlapped with services necessary to defend against Ye's other theft-related claims (*e.g.*, for fraudulent misrepresentation, breach of fiduciary duty, fraudulent concealment, and conversion).

Ye contends the attorneys' evidence was inadequate to show that fee segregation was impossible. He claims they were required to provide billing records with line-item entries describing how each TTLA-related task could not be segregated from a non-recoverable task. We disagree. Under Texas law, "[a]ttorneys are not required to keep separate records documenting the exact amount of time working on one recoverable claim versus an unrecoverable claim." *Alief Indep. Sch. Dist. v. Perry*, 440 S.W.3d 228, 246 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (citing *Chapa*, 212 S.W. at 314). Instead, prevailing parties can prove inability to segregate fees through attorney testimony, like that here, estimating the percentage of hours devoted to non-recoverable claims. *ATOM Instrument Co.* 969 F.3d at 217. Ye identifies no legal or factual error in the district court's fee award.

No. 22-20026

Additionally, Zhang and Lau seek remand for the district court to award them appellate attorney fees. We agree. "Under Texas law, if a party is entitled to recover attorneys' fees in the trial court, the party is also entitled to attorneys' fees after successfully defending on appeal." *Id.* at 218 (citing *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003)).

## IV.

The district court's judgment is AFFIRMED. The case is REMANDED to allow the district court to determine whether Zhang and Lau are entitled to appellate attorney's fees.