# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2025

Lyle W. Cayce
Clerk

———————

No. 24-20331

———————

Blaze Hicks,

*Plaintiff—Appellant*,

*versus*

Lisa Ashworth; Bobby Rigsby; Warden Bromley;
Cynthia Picazo,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2234

———————————————————

Before King, Jones, and Wilson, *Circuit Judges*.

Per Curiam:*

Plaintiff–Appellant Blaze Hicks, a pro se inmate, appeals the district court's dismissal with prejudice of his complaint pursuant to a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). We agree with the district court that Hicks's failure-to-protect claim against Rigsby is inadequately pleaded, albeit for a different reason, and that

———————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20331

dismissal with prejudice was proper. Therefore, we AFFIRM the district court's judgment.

## I. Procedural History and Background

Hicks, a Texas state inmate, filed a civil rights complaint against a number of defendants alleging, *inter alia*, that Warden Caleb Brumley,[1] Security Officer Cynthia Picazo, and Warden Bobby Rigsby failed to protect him. The district court explained to Hicks that because the complaint improperly attempted to join multiple lawsuits against multiple defendants into one action, thereby violating Federal Rules of Civil Procedure 18 and 20, the complaint would be struck, and he must file an amended complaint that complied with the Federal Rules. Hicks then filed a letter asking to add two more parties to his suit, which the district court construed as a motion to amend and denied because the claims against those individuals arose from a separate event. In the same order, the district court informed Hicks that he must obtain court approval to file an amended complaint, and he must attach a complete copy of his proposed amended complaint to any motion to amend. The district court further stated that any pleading or paper that violated the court's directives or contained any new claims or any new factual allegations not contained in the original complaint or a court-approved amendment or supplement would be stricken from the record and have no force or effect in the lawsuit.

On July 27, 2023, the district court received a motion for leave to amend, wherein Hicks stated that he wished to cure deficiencies in his complaint. He narrowed his complaint to failure-to-protect claims against Rigsby, Picazo, Brumley, and Major Lisa Ashworth because his request for a unit transfer was denied, resulting in serious injury from a fan motor. On

---

[1] In his filings, Hicks spells Warden Caleb Brumley's name as "Bromley." However, the Defendant–Appellees provided that the correct spelling is "Brumley."

August 1, the district court entered an order construing this motion as Hicks's amended complaint, but on the same day, it received Hicks's motion to supplement containing additional factual allegations. Because Hicks's allegations against the defendants were now in three separate pleadings, on August 10, 2023, the district court ordered Hicks to "file a complete amended complaint using a form approved for use by prisoners under the Civil Rights Act, 42 U.S.C. § 1983."

Four days later, the district court received another motion to amend from Hicks. The district court explained that the motion contained claims against Ashworth that arose from different acts that occurred on a different date from those underlying his failure-to-protect claim and therefore denied the motion. Recognizing that, due to delays in prison mail deliveries, Hicks may have filed the motion to amend before receiving the August 10 order, the district court again directed Hicks to file a complete amended complaint "that includes all factual allegations supporting his failure-to-protect claims against Warden Rigsby, Warden Br[u]mley, Major Lisa Ashworth, and Picazo."

Hicks filed his amended complaint on the § 1983 prisoner form, as directed by the court, alleging that when he told Rigsby at UCC that his life was in danger, Rigsby laughed. Hicks claimed that, because Rigsby failed to protect him, he was hit in the head with a fan motor by inmate Kevin Powell and sustained serious injuries.

The district court conducted the screening required by 28 U.S.C. § 1915A and subsequently ordered an answer from the named defendants: Rigsby, Brumley, Ashworth, and Picazo.

The defendants responded by filing a motion to dismiss under Rules 12(b)(1) and 12(b)(6). Pertinent here, they argued that Hicks failed to allege a claim of deliberate indifference against Rigsby because Hicks did not allege

"sufficient facts showing Rigsby drew inference of a risk of serious harm from the conversation [he and Hicks] had at the UCC meeting." "Hicks did not allege he provided Rigsby with the names of the inmates that threatened him, he did not provide a date or time period of when the threats were made, whether this was the first time he received a threat, or if he had informed other individuals of the threats he received." Instead, they argued, Hicks only made a "general assertion that he spoke with Rigsby about his life being in danger and [Rigsby] failed to transfer him to another unit."

In his response brief, Hicks provided additional factual allegations. He claimed that, following a fight, he was placed in protective custody, and in his victim statement, he wrote that his life was in danger because inmate John Morales was trying to have him stabbed. At the UCC meeting, he told Rigsby "exactly" what he put in the victim statement—that his life was in danger because Morales was trying to have him killed. Hicks claimed that he gave the threatening kites[2] he had received to Lieutenant Blanson,[3] who brought the kites to Rigsby. Despite knowledge of these threats, Rigsby moved Hicks back to general population, and three weeks later, Hicks was hit with a fan motor in the day room. At the end of his response brief, Hicks wrote that he "asserts he raised a deliberate indifference in his complaint. If for some reason not, [Hicks] would request to raise in a motion to leave for amend."

The defendants filed a reply brief, arguing that the court must confine itself to the complaint and cannot consider the new factual allegations provided in the response brief.

---

[2] "'Kites' are notes used in prisons between offenders typically to communicate threats of violence, extortion, etc." *Leyba v. Bell*, No. 6:13CV801, 2017 WL 9288030, at *1 (E.D. Tex. Apr. 17, 2017), *report and recommendation adopted*, No. 6:13CV801, 2017 WL 3015769 (E.D. Tex. July 17, 2017).

[3] The parties have not provided the first name for Lieutenant Blanson.

No. 24-20331

The district court entered its memorandum opinion and order, finding that Hicks failed to state a failure-to-protect claim against Rigsby. Based on the amended complaint, the district court found that "Hicks's statement that his life was in danger, unsupported by allegations of facts showing a basis for that fear, [was] insufficient to show that Rigsby knew of facts from which he could infer that Hicks faced a substantial risk of serious harm." Specifically, the district court explained that Hicks did not allege that he told Rigsby about any specific threats he had received or that he provided Rigsby with any factual basis for his stated fear.

The district court acknowledged that the response brief provided additional facts, and even though it explained that it could not consider those new facts, the district court nonetheless conducted an analysis based on the new factual allegations. It found that even under the new facts, Hicks had failed to state a claim. The district court explained that the "new allegations may be sufficient to show that Rigsby knew facts from which he could infer that Hicks faced a substantial risk of serious harm based on the threat from inmate Morales," but "Hicks [did] not allege facts showing that Rigsby responded unreasonably to that threat." The district court reasoned that Hicks did not allege that Morales was also in general population—where Hicks had been released—or that Morales had access to Hicks in general population. The district court further reasoned that Hicks was not assaulted by Morales or stabbed in the assault, per the alleged threat on his life. "The fact that Hicks was assaulted three weeks after he reported the alleged threat to Rigsby by a different inmate and in a different manner than was reported in the threat does not show that Rigsby responded unreasonably to the information Hicks allegedly gave him at the [UCC] meeting." The district court dismissed the action with prejudice.

5

No. 24-20331

## II. Discussion

Reading Hicks's pro se brief liberally,[4] we determine his argument to be that his claim against Rigsby should have survived a 12(b)(6) motion to dismiss, and in the alternative, dismissal with prejudice was improper because he should have been afforded an opportunity to amend his complaint. We first address whether dismissal was proper.

### A. Dismissal for failure to state a claim

A district court's decision to dismiss on a Rule 12(b)(6) motion is reviewed *de novo*. *McKay v. LaCroix*, 117 F.4th 741, 746 (5th Cir. 2024). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim meets this standard if he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pro se complaints are construed liberally and "held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). Even so, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

Hicks argues that his complaint should have survived the 12(b)(6) motion; specifically, he appeals the dismissal of his claim against Rigsby

---

[4] *See, e.g.*, *Owens v. Sec'y of Army*, 354 F. App'x 156, 158 (5th Cir. 2009) ("[W]e liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995))).

because "Rigsby was aware that allowing Hicks to remain in [general] population on the Ellis unit created a substantial risk of serious harm."[5]

Defendants–appellees' brief reiterates their motion to dismiss arguments: Hicks's factually unsupported statements that his life was in danger are insufficient to show that Rigsby knew of facts from which he could infer that Hicks faced a substantial risk of serious harm. They further argue, borrowing from the district court opinion, that the new factual allegations in Hicks's response brief are insufficient to save his claim because he did not allege that Morales was also in general population or had access to Hicks, such that Rigsby could infer a substantial risk of serious harm.

The Eighth Amendment imposes upon prison officials a duty "to protect prisoners from violence at the hands of other prisoners," but not "every injury suffered by one prisoner at the hands of another" amounts to an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 833, 834 (1994). "Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another." *Id.* (Thomas, J., concurring in the judgment). Hence, "[p]rison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). In other words, "[t]he question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious

---

[5] Although the other defendants joined Rigsby in filing a response brief, there are no cognizable claims in Hicks's brief against them. Therefore, any issues with those defendants are deemed forfeited, and we focus on the arguments concerning Rigsby. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (quoting *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988))).

damage to his future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).

"To show an official was deliberately indifferent, a plaintiff must demonstrate that the official is aware that an 'inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (citation modified) (quoting *Farmer*, 511 U.S. at 847). Deliberate indifference is an "extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

As an initial matter, we must determine what facts we can consider. Hicks's response brief contained additional factual allegations, as well as a request for leave to amend if, "for some reason," his complaint does not raise a deliberate indifference claim. Generally, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014) (citation modified) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). However, because Hicks is a pro se inmate, the district court should have considered this request to be a motion to amend to include the new factual allegations.[6] *Cf. Lozano v. Schubert*, 41 F.4th 485, 490 (5th Cir. 2022) ("At a minimum, having denied Lozano's motion to amend, the district court should have construed Lozano's reply to the defendants' answer

---

[6] The district court's silence regarding this request constitutes an abuse of discretion, *see Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468–69 (5th Cir. 2023), but any error was harmless because the district court nonetheless considered the new factual allegations in its analysis.

(which, as explained above, contained new allegations in addition to restating his original ones) as a proposed amended complaint, which it should have accepted."); *Ogbebor v. Hardy*, No. 24-30403, 2025 WL 586822, at \*3 (5th Cir. Feb. 24, 2025) (per curiam) ("Generally, a district court may construe allegations first raised in a pro se litigant's objection to a magistrate judge's report as a motion to amend a complaint."). We will proceed as if the motion had been granted;[7] therefore, we consider the additional factual allegations contained in the responsive brief in conjunction with the amended complaint for our *de novo* review.

We agree with the district court that, even with the additional factual allegations found in the response brief, Hicks failed to state a claim; but, we diverge on the reason why dismissal is appropriate. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) ("This Court may affirm on any basis supported by the record."). Hicks claims he informed Rigsby that he needed to be put on unit transfer because his life was in danger from Morales, who was trying to have him killed, but Rigsby ignored these threats and sent Hicks back to general population where he was seriously injured. Missing from Hicks's allegations are any facts tying Morales to general population to show *why* being in general population posed a substantial risk of harm from Morales, and why removal from general population would mitigate the specific threat he faced. Hicks clearly thought Morales intended to cause him harm, but nothing in the allegations suggests that Morales had access to Hicks in general population. The district court determined that the lack of such allegations meant Hicks failed under the second prong, finding that Hicks did not allege facts showing that Rigsby responded unreasonably to the Morales threat. We disagree: a lack of factual allegations demonstrating how a specific

---

[7] We make no determination on whether the motion should have been granted; such decisions are properly left to the sound discretion of the district court.

threat impacts the inmate evinces a failure under the first prong because the plaintiff thus failed to allege a substantial *risk*. Under the facts alleged, Rigsby was aware that Hicks was afraid of serious harm from Morales, but Rigsby was not aware of a substantial risk that the harm would come to fruition. *See Farmer*, 511 U.S. at 844 ("Prison officials charged with deliberate indifference might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger.").

To clarify, consider this hypothetical. If an inmate housed in Texas came to the warden exclaiming that he was in fear of his life from an inmate in Maine because that inmate had threatened to stab him, the risk of the Maine inmate stabbing the Texas inmate is quite low—possibly zero. However, if the Texas inmate informed the warden that he was in fear of his life because a Maine inmate who had threatened to stab him was being transferred to the Texas inmate's unit in one week, then the serious harm from stabbing becomes a much higher risk. In the same manner that vague allegations of threats are insufficient to prove a substantial risk of serious harm, a lack of allegations pertaining to how the inmate faces serious harm is insufficient to support a deliberate indifference claim because it does not show if the risk is substantial.

There is no indication in the facts alleged that Hicks faced a substantial risk of stabbing or killing from Morales in general population; therefore, the facts alleged are insufficient to show a substantial risk of serious harm. Accordingly, we affirm—albeit for a different reason—the district court's dismissal of Hicks's failure-to-protect claim against Rigsby.

## B. Dismissal with prejudice

Hicks also argues that his case was improperly dismissed with prejudice, thereby denying him an opportunity to amend his complaint.

"Because the district court is best situated to determine when plaintiffs have had sufficient opportunity to state their best case, we review [its] decision to grant a motion to dismiss with or without prejudice only for abuse of discretion." *Crosby v. Hariel*, 673 F. App'x 397, 400 (5th Cir. 2016) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009)). A district court should not dismiss a pro se complaint with prejudice, which denies the plaintiff an opportunity to amend, unless the plaintiff has been given an adequate opportunity to cure any inadequacies in his pleading or it is obvious from the record that the plaintiff has pled his best case. *See Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (per curiam).

Here, Hicks had a fair opportunity to present his best case, yet did not allege facts that would, if proven true, warrant the relief he seeks. The district court accepted a motion to amend as Hicks's first amended complaint, granted his subsequent motion to supplement, ordered Hicks to file "a complete amended complaint" because the "allegations against the four remaining defendants [were] now found in three separate pleadings," and then again directed Hicks to file a complete amended complaint "that includes all factual allegations supporting his failure-to-protect claims against Warden Rigsby, Warden Br[u]mley, Major Lisa Ashworth, and Picazo." Thus, the record evinces that Hicks was granted more than one opportunity to substantively amend his complaint, a fact Hicks even acknowledges in his brief, stating that district court "instructed Hicks to file a single amended complaint containing all his allegations concerning his failure to protect claims."[8] Accordingly, we cannot, in these circumstances, hold that the

---

[8] Additionally, to the extent Hicks argues he was "never given an opportunity to amend his complaint" beyond curing the Rules 18 and 20 violations, the same evidence supporting dismissal with prejudice also shows that Hicks was given multiple opportunities to substantively amend his complaint.

No. 24-20331

district court abused its discretion in dismissing the complaint with prejudice.

### III. Conclusion

The district court properly dismissed the complaint with prejudice; therefore, we AFFIRM the district court's judgment.